# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| AJAI BHATIA, | : |
|         Plaintiff, | : |
| v. | : |
| | :   NO. 3:06 CV 1749 (MRK) |
| STATE OF CONNECTICUT, | : |
| DEPARTMENT OF CHILDREN AND | : |
| FAMILIES, | : |
|         Defendant. | : |

## RULING AND ORDER

Currently pending before the Court is the Motion to Dismiss [doc. # 12] filed by Defendant State of Connecticut Department of Children and Families ("DCF"). The Court notes that following the filing of Defendant's Motion to Dismiss, the Court sent a notice to Mr. Bhatia advising him of the pendency of the motion and directing him to file any response no later than February 26, 2007. *See* Notice to *Pro Se* Litigant [doc. # 14]. Plaintiff then sought an extension to time to file his response and the Court granted the motion, extending Plaintiff's time to file a response to March 26, 2007. *See* Order [doc. # 17]. To date, however, Plaintiff has not filed any response. Therefore, the Court proceeds to dispose of Defendant's motion.

The Second Circuit has cautioned district courts that "the pleadings of a pro se plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). The Court heeds that caution and construes the Amended Complaint as asserting claims under 42 U.S.C. § 1983 against Defendant for violations of Plaintiff's Fourteenth Amendment Due Process and Equal Protection rights. Defendant moves to dismiss those claims because the

Connecticut Department of Children and Families ("DCF") is a state agency and therefore it is not a "person" within the meaning of § 1983 and it is also immune from suit under the Eleventh Amendment to the United States Constitution.

The Court agrees with each of Defendant's arguments. First, by its terms, § 1983 applies to "[e]very person who, under color of any statute" violates the rights secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. It is well settled, however, that States and "governmental entities that are considered arms of the State for Eleventh Amendment purposes" are not persons within the meaning of § 1983. *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 70 (1989). Because DCF is not a "person" under § 1983, Mr. Bhatia cannot sustain his § 1983 claims against DCF.

Second, the Supreme Court has construed the Eleventh Amendment to bar lawsuits by citizens against non-consenting states. As the Supreme Court held in its key decision in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996), "[a]lthough a case may arise under the Constitution and laws of the United States, the judicial power does not extend to it if the suit is sought to be prosecuted against a State, without her consent, by one of her own citizens." *Id.* at 68. Similarly, the Second Circuit has held that "the Eleventh Amendment has been interpreted to render states absolutely immune from suit in federal court unless they have consented to be sued in that forum or unless Congress has overridden that immunity by statute." *Nat'l Foods, Inc. v. Rubin*, 936 F.2d 656, 658-59 (2d Cir. 1991).

Importantly, for this case, the Eleventh Amendment immunity from federal court lawsuits that states themselves enjoy also extends to state agencies such as DCF, unless the state has consented to suit or Congress has properly overridden the states' immunity. *See, e.g.*, *Pennhurst*

*State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). The State has not consented to be sued in this action, and Congress has not overridden DCF's immunity from suit under § 1983. *See Feingold v. N.Y.*, 366 F.3d 138, 149 (2d Cir. 2004). Indeed, this Court has previously held that DCF, as a state agency, is entitled to assert Eleventh Amendment immunity. *See Greene v. Connecticut*, 3:04CV658 (MRK), 2004 WL 2713226 (D. Conn. Nov. 22, 2004); *Johnson v. Conn. Dep't of Children & Families*, No. 03CV151(MRK), 2004 WL 722237 at *4 (D. Conn. Mar. 26, 2004) ("DCF is a state agency or instrumentality and, as such, defendant DCF is entitled to Eleventh Amendment protection.").

The Court therefore GRANTS Defendant's Motion to Dismiss. **The Clerk is directed to close this file.**

                                        IT IS SO ORDERED.

                                  /s/      Mark R. Kravitz
                                        United States District Judge

**Dated at New Haven, Connecticut: April 3, 2007.**